CITY OF CATLETTSBURG et al., Appellants,

v.

R. L. MURPHY et al., Appellees.

Court of Appeals of Kentucky.

June 17, 1955.

Rehearing Denied Nov. 4, 1955.

Thomas E. Phipps, Diederich & Lycan, Ashland, Peck, Shaffer & Williams, Cincinnati, Ohio, for appellant.

No appearance for appellees.

MOREMEN, Judge.

This appeal is from the Boyd Circuit Court, contesting that court's judgment dismissing the City of Catlettsburg's consolidated petitions against several property owners. The City sought to collect apportionate costs for street improvements from the adjacent property owners and, if necessary, the sale of their property to satisfy liens purportedly perfected by proper statutory steps. Certain bondholders intervened and prayed for the sale of the property to satisfy their bonds issued by the City to underwrite the improvements. These petitions were also dismissed.

The question is whether the City of Catlettsburg effected the proper steps pursuant to the statutes, then in force, requisite to impose street paving liens. The trial court held it had not.

There is in the record a voluminous exhibit filed by the appellant City in the lower court as a part of the several petitions purporting to contain copies of the various ordinances, signed by the proper officials, necessary to perfect street paving liens.

The appellees introduced the City Clerk of Catlettsburg who testified, in substance, that other than the ordinances authorizing the street improvements and the report of the committee approving the completed improvements, there was nothing in the official ordinance book which evinced that the City assessed, by ordinance, the property owners pursuant to a city engineer's report on the apportionment of cost, required by statute. There was some attempt to show through the same witness on cross-examination that in some instances ordinances were typed on separate sheets and placed loose in the ordinance book, rather than copied on the book pursuant to the usual custom.

Nevertheless appellants did not produce the original ordinances and failed to establish their actual existence and passage by any evidence of substance.

With this state of the record before him, the court held in part:

"The record of the City discloses the absence of practically every essential thing required by the statute to impose a lien for street paving * * *."

We believe the court correctly held that the City failed to meet the burden of proof. The judgment is therefore affirmed.